IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRANDON JONES, | ) |
| Plaintiff, | ) 8:05cv32 |
| vs. | ) ORDER |
| | ) ON INITIAL REVIEW |
| DOUGLAS COUNTY, | ) |
| Defendant. | ) |

This matter is before the court for initial review[1] of the complaint filed by the plaintiff, Brandon Jones, a prisoner in the Douglas County Corrections Center ("DCCC"). The plaintiff, proceeding pro se and in forma pauperis ("IFP"), asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging policies or customs which amount to cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution.

## DCCC / Douglas County

In this case, the complaint names as the defendant Douglas County Corrections. Construing the complaint liberally, the intended defendant is Douglas County, Nebraska, rather than the Department of Corrections or DCCC. The County oversees DCCC and is responsible for its operations and policies. The jail and other units within the County lack the capacity to sue or be sued in their own names.

## Municipal Liability

It is important that the plaintiff understand the basis of a claim against the County, as opposed to a claim against specifically named individual people. The basis of a claim against a city or county ("municipal liability") lies **only** in cases where a municipal "policy" or "custom" causes a constitutional violation. A city or county, or its department(s) must have implemented an unconstitutional policy, or allowed an unconstitutional custom, which proximately caused injury to the plaintiff's rights. In other words, a county may not be held liable merely because one of its employees violated the plaintiff's civil rights. The county, acting through its agencies or department(s), must have implemented an unconstitutional policy, or allowed an unconstitutional custom, which proximately caused injury to the

---

[1] The Prison Litigation Reform Act ("PLRA") requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, restricts remedies, and dictates procedures in prisoner litigation. See, e.g., 28 U.S.C. § 1915A (screening of prisoner complaints).

1

plaintiff's rights. In this case, the plaintiff alleges that the County allows inadequate sanitation and maintenance of the DCCC facility, including plumbing facilities, and when, as in the plaintiff's case, toilets back up in inmate cells, corrections officials force the inmate(s) to clean up feces, urine and filth, and, at the same time, withhold proper protective gear.

## PLRA

42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff at the jail, and the plaintiff did not use the available grievance procedures before filing his lawsuit, the plaintiff's claims may be subject to dismissal without prejudice.

On the other hand, the purposes for exhaustion cannot be served if grievance procedures are in reality unavailable to a prospective plaintiff. See, e.g., Lyon v. Vande Krol, 305 F.3d 806, 808-09 (8th Cir. 2002): "For instance, in Foulk v. Charrier, 262 F.3d 687, 697-98 (8th Cir. 2001), we concluded that the district court lacked a sufficient factual basis to find that an inmate had failed to exhaust his administrative remedies when prison officials had refused to respond to his informal resolution request that he completed to satisfy the requirements of the first part of the prison's three-part grievance process. In Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001), we similarly held that an inmate was prevented from exhausting his administrative remedies when prison officials failed to respond to his requests for grievance forms, and that the inmate's failure to exhaust those remedies was not a bar to suit because they were not 'available' to him."

The PLRA also limits the recovery of damages for emotional distress. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." However, 42 U.S.C. § 1997e(e) does not require physical injury as a prerequisite for declaratory or injunctive relief or nominal damages.

This case is assigned to the docket of Chief Judge Joseph F. Bataillon. However, a Magistrate Judge may conduct initial review. Having reviewed the complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendant, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendant, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1.  To obtain service of process on the defendant, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court shall send one summons and one Form 285 to the plaintiff together with a copy of this Order.

2.  The plaintiff shall, as soon as possible, complete the forms and send them back to the Clerk of Court. In the absence of the completed forms, service of process cannot occur.

3.  When completing forms for service of process on Douglas County, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(2), which states:

> (2) Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk.

The address of the County Clerk is: Douglas County Clerk, 1819 Farnam Street H08, Omaha, NE 68183.

4.  Upon receipt of the completed summons and 285 forms, the Clerk will sign the summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. A plaintiff proceeding IFP does not have to copy the complaint; the court will do so on the plaintiff's behalf. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

5.  Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. Failure to obtain service of process on the defendant within 120 days of the date of this order may result in dismissal of this matter without further notice.

6.  If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

7.  After an appearance has been filed by the defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies on other parties by first class mail.

8   The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendant or to the attorney of a represented defendant. To send communications to the court without serving a copy on the other parties to the case violates the rules of court.

9. The defendant shall have twenty (20) days after receipt of the summons to answer or otherwise respond to the complaint.

10. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

11. The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 21st day of April, 2005.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge

INSTRUCTIONS: SUMMONS FORMS AND FORMS 285
for plaintiffs proceeding pro se and in forma pauperis

1. A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2. A Form USM-285 ("form 285") provides directions to the U.S. Marshal as to whom to serve with process on your behalf and where to serve the defendant(s). The U.S. Marshal serves the defendant(s) without cost to you because you are proceeding in forma pauperis ("IFP").

3. Neb. Rev. Stat. § 25-510.02(2), regarding service of summons on political subdivisions of the State of Nebraska, states:

> Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk.

The address of the Douglas County Clerk is 1819 Farnam Street H08, Omaha, NE 68183.

4. Do not copy your complaint to attach to the summons. the court will do that for you.

5. You may serve only defendant(s) named in the case caption of the complaint. If you want to serve additional defendants, you must file a motion for leave to amend your complaint to add the others to the case caption.

6. Be sure to print your case number on all forms.

7. You must give an address for the party to be served. The U.S. Marshal will not know a defendant's address.

8. Where a summons form states: "You are hereby summoned and required to serve on plaintiff's attorney" print your name and address.

9. Where a form 285 states: "send notice of service copy to requestor at name and address" print your name and address.

10. Where a form 285 calls for "signature of attorney or other originator" provide your signature and date the form.

11. Leave the last part of the summons form blank. The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.